UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DESIREE WEISS,<br><br>          Plaintiff,<br><br>     v.<br><br>BENJAMIN R. CAMPBELL,<br><br>          Defendant. | Case No. 15-cv-542-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Benjamin R. Campbell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) Count II of plaintiff Desiree Weiss's complaint, a claim under the Illinois Animal Control Act, 510 ILCS 5/16 (Doc. 9). Weiss has responded to the motion (Doc. 17), and Campbell has replied to that response (Doc. 18).

**I.     Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl.*, 550 U.S. at 556).

This standard, however, will not prevent dismissal of a complaint that pleads too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim). That is what Weiss has done with respect to Count II in this case.

**II.     Alleged Facts**

Accepting all Weiss's allegations as true, the complaint establishes the following relevant facts.

Late in the evening of May 15, 2013, Weiss was driving her car northbound on Illinois State Road 159. Around the same time, a horse owned by Campbell was running at large on the highway. At some point, the horse lay down on the road and died, possibly because it had been struck by another driver. When Weiss reached the portion of the road where the horse had died, she collided with the horse, causing her car to overturn and skid on its roof along the roadway. Weiss suffered substantial injuries and damage to her car, as well as other losses as a result of the collision. Weiss had had no contact or interaction with the horse prior to the collision, and was lawfully on the road at the time of the accident.

On May 13, 2015, Weiss filed this lawsuit against Campbell alleging a cause of action under the Illinois Animals Running at Large statute, 510 ILCS 55/1 (Count I), a cause of action under the Illinois Animal Control Act, 510 ILCS 5/16 (Count II), a cause of action for negligence (Count III), and one count labeled "severe emotional distress" (Count IV). Campbell now asks

the Court to dismiss Count II because, as a matter of law, Weiss cannot prevail under the Animal Control Act.

**III.   Analysis**

Campbell argues that as a matter of law, the Animal Control Act does not apply to injuries suffered by drivers who collide with domestic animals running at large.   The Animal Control Act, he argues, only applies to attacks or overt acts attributable to the animal, not to the mere presence of an animal as an obstruction on a roadway.   Weiss counters that she has adequately pled the necessary elements of a cause of action under the Animal Control Act and that Campbell's horse acted by escaping from its confines and was clearly the cause of her injuries.

This case involves the relationship between the Animal Control Act and the Animals Running at Large statute.   In examining this relationship, the Court keeps in mind that when it is sitting in diversity, as it is in this case, it must apply the state substantive law as it believes the highest court of the state would apply it if it were hearing the issues.   *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001).   When the highest state court has not spoken on an issue, the Court must give great weight to decisions of intermediate appellate courts unless there are persuasive reasons to believe the highest court would rule differently.   *Id.*

Turning to the statutes at issue in this case, the Animal Control Act states:

> § 16. Animal attacks or injuries.   If a dog or other animal, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog or other animal is liable in civil damages to such person for the full amount of the injury proximately caused thereby.

510 ILCS 5/16.   The elements of a cause of action under the Animal Control Act are:   "(1) an injury caused by an animal owned by the defendant; (2) lack of provocation; (3) the peaceable

conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be." *Meyer v. Naperville Manner, Inc.,* 634 N.E.2d 411, 415 (Ill. App. Ct. 1994); *accord Smith v. Lane*, 832 N.E.2d 947, 955 (Ill. App. Ct. 2005).   Weiss argues that she has adequately pled each of these elements.

Campbell, on the other hand, argues that the Animal Control Act is inapplicable to harm caused by domestic animals where the Animals Running at Large statute applies.   The Animals Running at Large statute states:

> § 1.   No person or owner of livestock shall allow livestock to run at large in the State of Illinois.   All owners of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals running at large; Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large.

510 ILCS 55/1.

The Illinois Appellate Court has examined the interaction between the Animal Control Act and the Animals Running at Large statute several times and has concluded that the Animal Control Act does not apply if the situation is covered by the Animals Running at Large statute.   For example, in *McQueen v. Erickson*, 378 N.E.2d 614 (Ill. App. Ct. 1978), the court examined whether the Animal Control Act (called the dog-bite statute, at the time, even though it applied to other animals as well) applied to injuries caused to a vehicle's passengers when the vehicle collided with a horse running at large.   *Id.* at 615.   The court noted that the Animals Running at Large statute historically provided a remedy for damage done by livestock running at large, including horses, unless the owner used reasonable care to restrain the animal and did not know the animal was running at large.   *Id.* at 616.   The court found that the later-enacted Animal Control

Act, which eliminated the common law requirement that the owner know of the animal's dangerous propensity, did not repeal or change the Animals Running at Large statute as applied to livestock, *id.* at 618, but was intended only to apply to harm caused by an animal's "aggressive, unprovoked acts," not by its running at large, *id.* at 617.   The court therefore interpreted the Animal Control Act as "inapplicable as to other animals of the domestic variety [like horses] who are running at large and covered under the running at large statute," and as only applying "to all animals and instances, *exclusive of domestic animals running at large*, where the statutory requirements of the [Animal Control Act] are met."   *Id.* (emphasis added in second quote).  Under this interpretation, the court affirmed the dismissal of the Animal Control Act claim against the owner of the horse struck by the vehicle because the claim was covered by the Animals Running at Large statute.   *Id.*

Again in *Zears v. Davison*, 506 N.E.2d 1041 (Ill. App. Ct. 1987), the Illinois Court of Appeals considered liability under the Animal Control Act, this time where a vehicle struck a cow wandering loose on the highway.   *Id.* at 1042.   Citing *McQueen*, the court again held that the Animals Running at Large statute is an exception to the Animal Control Act – even where the Animal Control Act requirements are technically satisfied – and that "the Animal Control Act does not apply to domestic animals running at large."   *Id.* at 1043.   Similarly, in *Abadie v. Royer*, 574 N.E.2d 1306 (Ill. App. Ct. 1991), the Illinois Appellate Court found the Animal Control Act did not apply where a vehicle driver was injured when he collided with a horse running free on a roadway.   *Id.* at 1309.

The Court believes *McQueen*, *Zears* and *Abadie* reflect the proper interpretation of the scope of the Animal Control Act and that there is no persuasive indication the Illinois Supreme

Court would rule any differently should the issue come before it. Accordingly, the Court accepts the Illinois Appellate Court's interpretation and finds that, under this view, Weiss cannot succeed on Count II. While she has technically satisfied the pleading requirements for a cause of action under the Animal Control Act, she has also pled facts showing that the Animals Running at Large statute applies: Campbell's horse was running at large when it lay down on the roadway. Therefore, it is clear Weiss's case falls within the exception to Animal Control Act liability, and as a matter of law she cannot prevail on her Animal Control Act claim.

Weiss's citations of *Chittum v. Evanston Fuel & Material Co.*, 416 N.E.2d 5 (Ill. App. Ct. 1980), and *Kirchgessner v. Tazewell County*, 516 N.E.2d 379 (Ill. App. Ct. 1987), do not persuade the Court to come to a different conclusion.

In *Chittum*, the Illinois Appellate Court found the Animal Control Act applied where a horseback rider was injured when the horse on which she was riding bolted onto a roadway and collided with a cement truck, killing the rider. *Chittum*, 416 N.E.2d at 6. *Chittum* stands for the proposition that an animal attack is not necessary for liability under the Animal Control Act; the act of the horse's bolting into the road was sufficient to show injury falling under the act. *Id.* at 7; *see, e.g., Smith v. Lane*, 832 N.E.2d 947, 955-56 (Ill. App. Ct. 2005) (allegations that horse-drawn carriage went off the road and injured plaintiff sufficiently stated claim under the Animal Control Act). *Chittum* is of limited value to Weiss, however, because the court found the Animals Running at Large statute did *not* apply; the horse was not running at large because its owner failed to enclose it.

In *Kirchgessner* the Illinois Appellate Court found a motorcycle rider who was injured after hitting a dog that had escaped from a county animal control facility could sue the county

under the Animal Control Act as the "owner" of the dog. *Kirchgessner*, 516 N.E.2d at 380-81. However, the court had no occasion to consider whether the Animals Running at Large statute applied.

Because neither *Chittum* nor *Kirchgessner* addressed the interplay between the Animal Control Act and the Animals Running at Large statute as discussed in *McQueen* and later cases, the Court is not persuaded they require rejecting the logic of *McQueen*.

## IV. Conclusion

Because Weiss's claim falls under the Animals Running at Large statute, she can have no claim under the Animal Control Act. Accordingly, the Court:

- **GRANTS** Campbell's motion to dismiss Count II (Doc. 9);
- **DISMISSES** Count II **with prejudice**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   December 11, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
