IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DESIREE WEISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-542-JPG-DGW |
| | ) | |
| BENJAMIN R. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Reschedule Trial Date and Scheduling Order Dates filed by Plaintiff, Desiree Weiss, on April 28, 2016 (Doc. 38) and the Motion to Exclude Expert Testimony filed by Defendant, Benjamin R. Campbell, on April 30, 2016 (Doc. 39).   The Motion to Reschedule is **DENIED** and the Motion to Exclude is **GRANTED**.

On December 30, 2015, this Court entered a Scheduling Order setting forth various deadlines and adopting deadlines agreed upon by the parties (Doc. 29).   Plaintiff was to disclose her expert and expert report by March 7, 2016 and discovery was to be concluded by May 6, 2016. The parties agreed that Plaintiff's deadline to disclose experts would be extended to March 28, 2016, with depositions to occur by April 28, 2016.

In her motion, Plaintiff states that she is continuing medical care, that she is not at maximum medical improvement, and that she requires additional time to disclose her expert and provide expert reports.   Plaintiff's motion to extend expert discovery was filed after the deadline imposed by this Court and the agreement of the parties.   Federal Rule of Civil Procedure 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent."   In addition, Rule 6(b)(1)(B) provides that if a motion for extension of time is filed after a deadline,

the party must show "excusable neglect."

Plaintiff has shown neither.  Plaintiff has not explained how the fact that she is still seeking and receiving medical care would prevent an expert from providing an opinion.  Plaintiff also has not indicated why she waited a full month after the deadline to seek relief.  This Court is entitled to enforce deadlines contained in Court Orders and outlined in the Rules of Civil Procedure.  *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 606-607 (7th Cir. 2006); *Spears v. City of Indianapolis*, 74 F.3d 153, 157-158 (7th Cir. 1996).  Plaintiff's lack of diligence does not excuse the failure to follow those deadlines and does not warrant an extension of those deadlines. Plaintiff could have provided an expert report and then supplemented it if required.

Federal Rule of Civil Procedure 26(a)(2) provides that expert disclosure must include a written report "if the witness is one retained or specially employed to provide expert testimony in the case . . ."  The report must contain various items, including a "complete statement of all opinions the witness will express and the basis and reasons for them."  *Id*. 26(a)(2)(B)(i).  The parties must also make these disclosures at the time directed by the Court.  *Id*. 26(a)(2)(D).  If a party fails to make such disclosures, such information or witness cannot be used at a hearing or trial unless "the failure was substantially justified or is harmless."  FED.R.CIV.P. 37(c).

On March 28, 2016, Plaintiff provided Defendant with the name of an expert, Dr. Keith Wilkey, and indicated that an expert report would be forthcoming.  Such a disclosure is wholly and obviously deficient.  Dr. Wilkey is a retained expert and Plaintiff should have provided an expert report.  Plaintiff also has failed to respond to Defendant's motion, thereby admitting the merits of the motion as outlined in Local Rule 7.1.  Plaintiff has not shown harmlessness or substantial justification for failure to comply with the Rules.

Therefore, Plaintiffs' expert disclosure is hereby **STRICKEN.**  As a discovery violation

sanction and pursuant to Rule 37(c)(1), Plaintiff is not allowed to use expert witness Dr. Keith

Wilkey, or any other expert, to "supply evidence on a motion, at a hearing, or at trial."   Plaintiff

shall proceed in this matter without expert evidence.

**IT IS SO ORDERED.**

**DATED: May 20, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**