UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DESIREE WEISS,<br><br>    Plaintiff,<br><br>  v.<br><br>BENJAMIN R. CAMPBELL,<br><br>    Defendant. | Case No. 15-cv-542-JPG-DGW |

## MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Benjamin R. Campbell's motion to delay entry of judgment and enforce settlement agreement (Doc. 63). The motion seeks to enforce an oral settlement agreement reached and recorded at a settlement conference on August 27, 2016. Campbell also seeks his attorney's fees for the work done to enforce the settlement agreement. Plaintiff Desiree Weiss has responded to the motion (Doc. 78).

  In this case, Weiss sued Campbell after she drove into a horse Campbell owned that was lying down in a road, causing Weiss injuries. Campbell now asks the Court to enforce the oral agreement he reached with Weiss at a settlement conference conducted by Magistrate Judge Donald G. Wilkerson on August 17, 2016. This was the third attempt at settling this case before Magistrate Judge Wilkerson; both of the prior efforts were unsuccessful. On August 17, 2016, Weiss, Campbell's insurer and their respective attorneys were present. Magistrate Judge Wilkerson conducted negotiations, at least some of which were *ex parte*, for more than two hours until the parties agreed to a settlement. Magistrate Judge Wilkerson memorialized that agreement by dictating the material terms of the agreement as he understood it into the record and confirmed that the parties agreed, a procedure recommended by the Seventh Circuit Court of Appeals in *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490-91 (7th Cir. 2002). The relevant portions of

the transcript of that record states:

> THE COURT: Okay. This is *Weiss v. Campbell*, 3:15-cv-542-JPG. Today is August the 17th, 2016. It is 11:44 a.m. by the courtroom clock. We are here for a settlement conference. We started at approximately 9:30 this morning, and it's now 11:44 and the parties have reached a settlement in the case. . . .
> 
> The parties have reached a settlement. Defendants agree to pay Ms. Weiss a total of $50,000 for a release of all claims. Each side will bear its own costs, which means, Ms. Weiss, that you will take care of your lawyer, they will take care of their lawyers, and 50,000 is the amount that the Defendants will pay you. I want to make sure – This is a continuation of a settlement conference. I want to make sure on the record that everybody's agreeing with what I said.
> 
> So, Ms. Weiss, the microphone is down there in front of you. You agree that these are the terms of the settlement, correct?
> 
> MS. WEISS: I agree reluctantly.
> THE COURT: I'm sorry?
> MS. WEISS: I agree reluctantly.
> THE COURT: Whether reluctantly or not, what I want to know is do you agree?
> MS. WEISS: Yes, because I am sick of it and --
> THE COURT: Well, the reasons aren't important. You agree. Okay. All right. And, Mr. Starnes, Ms. DeLorenzo, you guys agree?
> MR. STARNES: Yes, Your Honor.
> THE COURT: Okay, very good. All right. . . . Who's going to prepare the settlement papers?
> MR. STARNES: I will, Your Honor.
> THE COURT: Mr. Starnes, you are going to prepare those and send them to Ms. Louis.
> Ms. Weiss, so you understand, the terms of the settlement will be put into a contract. They will send it to your lawyer, you will sign it. Once he gets it back they will start cutting the checks. . . . And, how long after – Ms. DeLorenzo, how long after you receive the settlement papers from Mr. Starnes will the money be transmitted? . . . . 30 days?
> MS. DeLORENZO: 30 days.
> THE COURT: Okay. So, within 30 days after they get the papers they will transmit the money. As I said, each side will bear its own costs.
> Any other conditions that we didn't talk about that need to go – I mean, this is not anything that confidentiality is required of or any of that stuff.
> MR. STARNES: No, Your Honor.
> THE COURT: Okay. Okay. All right. Well, very good. Again –
> MR. STARNES: I would say it is subject to any liens that there may be applicable.
> THE COURT: Right, any liens that – Anybody's got any liens, the Plaintiffs are

>     responsible for their own bills and liens, so that's – this is not – Yeah, I agree.
>         Okay.  All right.  Very good.  Well, thank you. I'll let Judge Gilbert know and he'll vacate the dates and we'll move forward.

Transcript of Settlement Conference at 2-4 (Doc. 66).

Two days after the settlement conference, Campbell's counsel prepared a written settlement agreement ("Release") with material terms consistent with the oral settlement agreement.   Thereafter, Weiss's counsel informed Campbell's counsel that Weiss would not sign the Release unless it stated that Campbell would pay any bills and expenses relating to Weiss's medical treatment from her injury in addition to the $50,000 agreed to at the settlement conference. Campbell now asks the Court to declare the Release in effect as if Weiss had signed it or enter a default judgment against Weiss for failing to sign the Release.   He also asks the Court to sanction Weiss for her recalcitrance in signing the Release in an amount sufficient to cover Campbell's costs and fees in these post-settlement proceedings.

On the other side, Weiss argues that at the time she agreed to the settlement, she was "in excruciating and miserable pain" and was therefore unable to appreciate the nature and effect of the settlement agreement.   She also claims that there was no "meeting of the minds" between the parties because she believed the settlement was simply a "temporary amount to begin the compensation process" for her medical treatment that would ultimately cost hundreds of thousands of dollars.   Weiss offers no evidence in support of her asserted inability to voluntarily and competently enter into the settlement agreement because of her physical condition.   She also offers no reasonable explanation of how Magistrate Judge Wilkerson's statement of the settlement on the record could lead one to believe the settlement was only a preliminary payment.

It is true that the ability to comprehend the nature and effect of entering into a contract is

essential to the formation of a valid contract. *Thatcher v. Kramer*, 180 N.E. 434, 437 (Ill. 1932). "To make a valid contract each party must not only be of sufficient mental ability to appreciate the effect of what he is doing but must also be able to exercise his will with reference thereto." *Id.* The party seeking to invalidate the contract bears the burden of showing she lacked capacity to enter into it. *Eslick v. Montgomery*, 278 N.E.2d 412, 415 (Ill. App. Ct. 1972).

    Weiss has not carried this burden. While the Court has sympathy for Weiss for the pain she was experiencing at the settlement conference, she has submitted nothing that even creates an issue of fact about her capacity to enter into an agreement. Her unsupported representations that her pain caused her not to understand the impact of the settlement are not enough by themselves to relieve her of what she agreed to clearly, although reluctantly, on the record. Furthermore, Weiss was represented by counsel at the settlement conference. Counsel was able to explain to Weiss the advisability and consequences of agreeing to a settlement. Additionally, if, after interacting with Weiss in person at the settlement conference, counsel had concerns over Weiss's capacity to enter into a settlement agreement, she could have raised her concerns with Magistrate Judge Wilkerson who would have made an inquiry at the time. Now, after agreeing to a settlement she regrets, Weiss carries a heavy burden to demonstrate her own incapacity to enter into a contract, and her unsupported statements that her pain prevented her from appreciating what she was doing are not enough to carry that burden.

    As for Weiss's complaint that there was no "meeting of the minds" about the substance of the settlement agreement, that claim is belied by her consent on the record to an agreement Magistrate Judge Wilkerson clearly described as: "Defendants agree to pay Ms. Weiss a total of $50,000 for a release of all claims. Each side will bear its own costs. . . ."

As for Weiss's complaint that the settlement amount will not cover all her bills, the Court reminds her that a settlement generally reflects a risk calculus based on the chances each party will prevail in the case, not a complete victory for either party. The final settlement amount is usually a fraction of what the plaintiff seeks, discounted because there is a chance she may not prevail at all. The fact that the amount Weiss agreed to accept will not entirely cover her medical bills does not render the settlement agreement unenforceable.

As for Campbell's request that the Court order the Release be treated as if it were signed and in effect, that is not necessary. An oral agreement to settle a case is enforceable unless it would violate the statute of frauds. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). The parties' oral agreement was essentially to pay Weiss $50,000 in exchange for releasing of her claims, and that agreement is reflected in the transcript of the settlement conference. It is enforceable whether it is reduced to a further written document or not. The appropriate action for the Court to take now is to dismiss this case with prejudice since it has settled. *Id.*

As for Campbell's requests for a default judgment and for attorney's fees and costs, the authority cited for such action does not apply in this situation.

For the foregoing reasons, the Court **GRANTS** the motion to delay entry of judgment and enforce settlement (Doc. 63) and **DIRECTS** the Clerk of Court to enter judgment of dismissal with prejudice at this time.

**IT IS SO ORDERED.**
**DATED: January 23, 2017**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**